UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALEE MORRIS,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>LARRY SCRIBNER,<br><br>　　　　　　Respondent. | Case No. CV 10-5161-GHK (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS |

　　　　On July 14, 2010, Petitioner Condalee Morris ("Petitioner"), a prisoner in state custody proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"), in which he challenges his 2005 state court conviction and sentence in Los Angeles County Superior Court Case No. BA279836.  Petitioner has filed several petitions in this Court challenging his 2005 conviction and sentence.  Three of these petitions were dismissed without prejudice for failure to exhaust state court remedies.  (See Case Nos. CV 08-5447-GHK (CT), CV 08-8538-GHK (CT), and CV 09-2183-GHK (CT).)  A fourth petition, in the matter of Condalee Morris v. Larry Scribner, Case No. CV 09-3146-GHK (JEM), was denied on the merits and dismissed with prejudice on November 19, 2009.

　　　　For the reasons set forth more fully below, the instant Petition must be dismissed as an unauthorized successive habeas petition.

**PROCEEDINGS**

Most of the relevant case history is set forth in the Court's October 22, 2009, Report and Recommendation in Case No. CV 09-3146-GHK (JEM) ("October 2009 R&R"):[1]

On August 3, 2005, [in Case No. BA279836,] a Los Angeles County Superior Court jury found Petitioner guilty of the following felonies: (1) two counts of home invasion robbery in concert (Cal. Penal Code § 211 and § 213(a)(1)(A)) (Counts One and Two); (2) one count of making a criminal threat (Cal. Penal Code § 422) (Count Six); (3) two counts of assault with a firearm (Cal. Penal Code § 245(a)(2)) (Counts Seven and Nine); (4) one count of being a felon in possession of a firearm (Cal. Penal Code § 12021(a)(1)) (Count Eight); and (5) one count of attempted home invasion robbery (Cal. Penal Code § 664 and § 211) (Count Ten). (Report and Recommendation in Case No. CV 09-3146-GHK (JEM), filed October 22, 2009, at 2.) The jury found true allegations that Petitioner personally used a firearm (Cal. Penal Code § 12022.53(b), § 1203.06(a)(1), § 12022.5(a)(1)). (CT 233-36, 238-39.) On August 17, 2005, the trial court sentenced Petitioner to thirty-five years in state prison. (CT 246-49, 266-68.)

Petitioner appealed his conviction to the California Court of Appeal, raising claims not asserted in the First Amended Petition. (Lodg. Nos. 3-5.) On September 28, 2007, the California Court of Appeal issued an unpublished decision staying Petitioner's sentence on his conviction for making a criminal threat, but otherwise affirming his conviction and sentence. (Lodg. No. 6 at 20.) On November 5, 2007, Petitioner filed a petition for review in the California Supreme Court. (Lodg. No. 7.) On December 12, 2007, the California Supreme Court summarily denied review. (Lodg. No. 8 at 2.)

Petitioner then filed a series of habeas petitions in the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court, all

---

[1] The Court takes judicial notice of its own files and records in the case <u>Condalee Morris v. Larry Scribner</u>, CV 09-3146-GHK (JEM).

2

of which were denied. (Lodg. Nos. 9-27.) The Court will summarize only those pertinent to his current claims. Petitioner raised Grounds One through Four of the First Amended Petition in a petition for a writ of habeas corpus in the Los Angeles County Superior Court, filed March 5, 2008.[2] On May 27, 2008, the Superior Court issued a short decision denying relief. (Lodg. No. 9.) Petitioner presented Grounds One Through Four to the California Supreme Court by habeas petition filed August 27, 2008, and presented Ground Five in an "Additional Supplemental Brief" filed December 4, 2008 in connection with the same petition. (Lodg. Nos. 12, 13.) On March 11, 2009, the California Supreme Court summarily denied the petition. (Lodg. No. 15.)

While his habeas petition in the California Supreme Court was pending, Petitioner raised Ground Five in the California Court of Appeal by habeas petition filed on December 12, 2008. (Lodg. No. 19.) On December 16, 2008, the California Court of Appeal denied the petition. (Lodg. No. 20.) On December 24, 2008, Petitioner filed another habeas petition in the Court of Appeal raising Ground Five. (Lodg. No. 21.) On January 14, 2009, the California Court of Appeal denied the petition. (Lodg. No. 22.) On January 13, 2009, Petitioner filed a third habeas petition in the California Court of Appeal raising Ground Five. (Lodg. No. 23.) On January 28, 2009, Petitioner filed a supplemental habeas petition in the same action, again raising Ground Five. (Lodg, No. 24.) On February 4, 2009, the California Court of Appeal denied the petition. (Lodg. No. 25.) Petitioner filed another habeas petition in the California Court of Appeal on March 11, 2009, which the Court of Appeal denied on March 19, 2009. (Lodg. Nos. 26, 27.)

---

[2] Respondent asserts that this petition is not in the Superior Court's file. (Answer at 2 n.3.) Petitioner, however, listed the claims asserted in the March 5, 2008 habeas petition in a later habeas petition he filed in the Los Angeles Superior Court. (Lodg. No. 16.) Some of the claims also are described in the Superior Court's decision. (Lodg. No. 9.)

While Petitioner was pursuing his state habeas petitions, he also filed three petitions for a writ of habeas corpus in the United States District Court for the Central District of California, which were dismissed without prejudice for failure to exhaust his state court remedies. (See Docket in Case No. CV 08-5447-GHK (CT); Case No. CV 08-8538-GHK (CT); Case No. CV 09-2183-GHK (CT)).

(October 2009 R&R at 2-3.)

On May 5, 2009, in the matter of Condalee Morris v. Larry Scribner, Case No. CV 09-3146-GHK (JEM), Petitioner filed a petition attacking the judgment in Los Angeles County Superior Court Case No. BA279836. On May 19, 2009, Petitioner filed a First Amended Petition (the "May 2009 Federal Petition"). On September 11, 2009, Respondent filed an Answer and lodged the state record. On September 30, 2009, Petitioner filed a Traverse.

On October 22, 2009, the Court filed the October 2009 R&R, in which it recommended that all claims be denied on the merits and that the May 2009 Federal Petition be dismissed with prejudice.

On November 19, 2009, the District Judge issued an Order adopting the Report and Recommendation and entered a Judgment denying the May 2009 Federal Petition and dismissing the action with prejudice.

On July 14, 2010, Petitioner filed the instant Petition, which also attacks the judgment in Los Angeles County Superior Court Case No. BA279836.

**DISCUSSION**

**I.   Duty to Screen**

This Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition. Id.; see also Local Rule 72-3.2.

**II.     Successive Petitions**

The instant Petition must be dismissed as a successive petition over which this Court lacks jurisdiction. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661 (2001). AEDPA "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998). Second or successive habeas petitions are subject to the "extremely stringent" requirements of AEDPA. Babbitt v. Woodford, 177 F.3d 744, 745 (9th Cir. 1999). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Second or successive habeas petitions filed in the district court without an authorizing order from the court of appeals shall be dismissed. See 28 U.S.C. § 2244(b); see also Burton v. Stewart, 549 U.S. 147, 153 (2007) (where petitioner neither sought nor received authorization from Court of Appeals before filing second or successive petition, district court should have dismissed petition for lack of jurisdiction). "'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'" Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (quoting Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999)).

The instant Petition challenges the same 2005 conviction and sentence that Petitioner challenged in the May 2009 Federal Petition. The May 2009 Federal Petition was denied on the merits and dismissed with prejudice.

Under AEDPA, Petitioner was required to obtain an order from the Ninth Circuit authorizing the Court to consider these claims prior to filing the instant Petition. Because he did not do so, this Court is without jurisdiction to entertain it. Burton, 549 U.S. at 153; see also 28 U.S.C. § 2244(b)(3)(A).

**ORDER**

ACCORDINGLY, IT IS HEREBY ORDERED that the Petition be DISMISSED without prejudice to Petitioner filing a new petition if he obtains the necessary authorization from the Ninth Circuit.

DATED: 7/26/10

GEORGE H. KING
UNITED STATES DISTRICT JUDGE